IT IS SO ORDERED.
Signed 10-13-2010

ROGER L. EFREMSKY
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>AVON TOWNHOMES VENTURE,<br><br>Debtor. | Case No. 05-53243-RLE<br><br>Chapter 7 |

**MEMORANDUM DECISION RE ORDER TO DISGORGE COMMISSION RECEIVED BY JAMES MCCLENAHAN AND EAGLE HOME LOANS**

On July 30, 2010, the Court issued its Memorandum Decision Regarding Court's Order to Show Cause ("Memorandum Decision") and Order Pursuant to Memorandum Decision ("Order"). The Order directed James McClenahan ("McClenahan") and/or Eagle Home Loans, Inc. ("Eagle Home Loans") to file a written response to the Court's tentative decision to order McClenahan and Eagle Home Loans to disgorge $18,300 in commission received as a result of the sale of a parcel of partially developed real property in Lathrop, California (the "Property"). McClenahan timely filed his Response To Tentative Decision on August 30, 2010, which also included a Motion To Amend/Clarify Findings (the "Response").

The following constitutes the Court's Findings of Fact and Conclusions of Law, pursuant

MEMORANDUM DECISION 1

to Rule 7052 of the Federal Rules of Bankruptcy Procedure. In addition, the Findings of Fact and Conclusions of Law in the Court's Memorandum Decision is incorporated by reference herein.

## I. FACTUAL BACKGROUND

A detailed discussion of the factual and procedural background can be found in the Court's Memorandum Decision. Nevertheless, the Court shall provide a summary of the relevant facts as it pertains to McClenahan and Eagle Home Loans.

On May 15, 2008, the Court issued an Order to Show Cause directing various parties, including McClenahan, to appear in Court and show cause why sanctions should not be imposed, individually and/or jointly, for their conduct regarding the sale of the Property. On October 7, 2008, after four days of evidentiary hearings, the Court issued an Amended Order to Show Cause directed at Stanley A. Zlotoff, as Debtor's counsel, and Joe Guerra, as Debtor's Responsible Individual. Thereafter, the Court conducted additional evidentiary hearings.

After the conclusion of the evidentiary hearings, the Court determined that McClenahan[1] acted as the broker on behalf of the Debtor in the sale of the Property and received commission in the amount of $18,300 ( the "Commission") as a result of the sale. See Memorandum Decision, pp. 60:18 - 62:14. However, neither Eagle Home Loans nor McClenahan was employed by the Debtor with the Court's approval.

As a result, although the Court did not sanction McClenahan under its inherent powers, the Court tentatively held that because McClenahan's employment was not authorized by the Court, the receipt of the Commission was improper and must be disgorged. Because the Order to Show Cause only warned McClenahan of the possibility of sanctions generally pursuant to 11 U.S.C. § 105 and not disgorgement under 11 U.S.C. § 327, the Court gave McClenahan an opportunity to respond in writing.

McClenahan filed his Response on August 30, 2010, which included a Motion to

---

[1] McClenehan testified that he is the president, CEO and 100% shareholder of Eagle Home Loans, Inc. See 7/25/08 Transcript, Docket #269, at 24:18-25:1; 10/6/08 Transcript, Docket #289, at 77:3-24. Thus, for purposes of this Memorandum, the terms "McClenehan" and "Eagle Home Loans" are used interchangeably.

Amend/Clarify Findings in the same pleading.

## II. DISCUSSION

As stated in the Memorandum Decision, section 327 of the Bankruptcy Code permits the trustee, with the approval of the court, to employ attorneys, accountants and other such "professional persons," provided such professionals "do not hold or represent an interest adverse to the estate" and are "disinterested persons." 11 U.S.C. § 327(a). Section 327 applies to debtors in possession by virtue of § 1107(a).

A real estate broker is a "professional person" as contemplated by § 327. In re Silver Oak Homes, Ltd., 167 B.R. 389, 398 (Bankr. D.Md. 1994); In re McConnell, 82 B.R. 43, 44 (Bankr. S.D. Tex. 1987); In re Eastern Inns of New Hampshire, Inc., 72 B.R. 418, 420 (Bankr. D. Me. 1987); In re Roberts, 58 B.R. 65, 67 (Bankr. D.N.J. 1986). A real estate broker is not entitled to a commission on the sale of estate property where his employment was not approved by the bankruptcy court. In re Haley, 950 F.2d 588, 590 (9th Cir. 1991); Enea v. Coldwell Banker/Del Monte Realty, 225 B.R. 715, 719 (N.D. Cal. 1998). "The purpose of section 327 requiring prior court authorization of a professional's appointment is to eliminate volunteerism and aid the court in controlling estate administrative expenses." Haley, 950 F.2d at 590 [citations omitted].

The law is well-settled that "[f]ailure to receive court approval for the employment of a professional in accordance with § 327 and Rule 2014 precludes the payment of fees." DeRonde v. Shirley (In re Shirley), 134 B.R. 940, 944 (9th Cir. 1992); Atkins v. Wain, Samuel & Co. (In re Atkins), 69 F.3d 970, 973 (9th Cir. 1995)("In bankruptcy proceedings, professionals who perform services for a debtor in possession cannot recover fees for services rendered to the estate unless those services have been previously authorized by a court order." [citations omitted]).

McClenahan's Response does not dispute that neither he nor Eagle Home Loans obtained the Court's authorization to be employed as broker for the Debtor. The Response also does not dispute the Court's finding that McClenahan and/or Eagle Home Loans acted as the broker on behalf of the Debtor. Instead, McClenahan appears to argue, without any supporting legal

authorities, that disgorgement would be improper because the Commission was earned and the estate received the benefit of the sale. However, "[a]s a general rule the equitable remedy of quantum meruit cannot be available where the fees are barred by law under the bankruptcy rules." Halperin v. Occidental Financial Group, Inc. (In re Occidental Financial Group, Inc.), 40 F.3d 1059, 1063 (9th Cir. 1994). Otherwise, any unapproved professional could assert an equitable claim to compensation.

The fact that McClenahan or Eagle Home Loans paid $18,000 of the Commission to Debtor's counsel out of his own volition does not change the basis of the disgorgement. To accept McClenahan's suggestion that the Court direct the disgorgement order to Debtor's counsel would mean that any professional who is ordered to disgorge fees could simply assert that he spent the fees in question and the Court must track down the recipients of the funds. The Court is under no such obligation.

Likewise, it is irrelevant whether it was McClenahan or Eagle Home Loans who actually received the Commission. Neither of them was employed with the approval of the Court. Since McClenahan is the President, CEO, and 100% shareholder of Eagle Home Loans, the disgorgement is properly directed to him.

McClenahan placed much emphasis on the fact that the Order on Motion to Sell Property Free and Clear allowed for the payment of a realtor's commission. Contrary to McClenahan's assertion, an order allowing payment of a commission from sale proceeds, along with payments of other fees and liens, is not synonymous with the approval of a professional's employment or a professional's compensation, which is governed by 11 U.S.C. §§ 327-330. Indeed, unless ordered otherwise, a professional employed by a debtor must submit a fee application seeking court approval of its fees, and a bankruptcy court has a duty to review said fee application notwithstanding the absence of objections by the trustee, debtor or creditors. See Lobel & Opera v. United States Trustee (In re Auto Parts Club, Inc.), 211 B.R. 29, 33 (9th Cir. BAP 1997).

Lastly, McClenahan's arguments and legal authorities pertaining to the due process requirement of sanctions are inapplicable in this instance. As stated in the Memorandum

MEMORANDUM DECISION 4
Case: 05-53243    Doc# 334    Filed: 10/13/10    Entered: 10/15/10 11:01:14    Page 4 of 7

Decision, the Court held that sanctions under the Court's inherent powers against McClenahan were inappropriate. See Memorandum Decision p. 60:3-4. The statutory predicate for the disgorgement of the Commission is 11 U.S.C. § 327 and its related case law.

Mindful of due process concerns, the Court gave McClenahan thirty (30) days to respond to the proposed disgorgement. McClenahan contends that had he known of the possibility of disgorgement, he would have examined the witnesses differently at the evidentiary hearings. However, any additional testimony from Carlos Hernandez or Debtor's counsel would not alter the fact that neither McClenahan nor Eagle Home Loans were or was employed pursuant to court authorization, which McClenahan did not dispute. Furthermore, as the Court clearly stated in its Memorandum Decision that the basis of the disgorgement was the failure to obtain court approval for employment, McClenahan was free to provide declarations and legal authorities to show why the Commission should not be disgorged despite his failure to obtain court approval of employment. He did not do so.

In sum, McClenahan has not provided the Court with any reasons or cited any legal authorities to support his position that he is entitled to the Commission despite his failure to obtain employment authorization. Based on the foregoing, the Court finds that McClenahan and Eagle Home Loans failed to obtain court approval for their employment as broker for the Debtor in accordance with 11 U.S.C. § 327 and thus they are not entitled to the Commission in the amount of $18,300 for the sale of the Property. The Commission shall be disgorged to the Chapter 7 Trustee.

With regard to the Motion to Amend/Clarify Findings ("Motion"), McClenahan did not provide appropriate notice and opportunity for hearing of the Motion to the other interested parties, as required by Federal Rule of Bankruptcy Procedure 9014 and Local Bankruptcy Rule 9014-1. Therefore, the Motion will be denied without prejudice.

An appropriate Order shall issue.

Court Service List [by mail and ECF]

Joe Guerra
Guerra & Associates
P.O. Box 609
San Jose, CA 95106

Metricz Corporation
3033 Moorepark
Suite 7
San Jose, CA 95118

Samuel E. Goldstein
Samuel E. Goldstein and Assoc.
1777 Botelho Dr. #345
Walnut Creek, CA 94596

Robert Jaramillo
c/o Law Offices of Thomas Salciccia
870 North First Street
San Jose, CA 95112

Raymundo Lujano
265 North 26th Street
San Jose, CA 95116

James McClenehan
Eagle Home Loans
1190 Park Avenue
San Jose, CA 95126

James Roberts
ROBERTS & ELLIOTT, LLP
Ten Almaden Boulevard
Suite 500
San Jose, CA 95113

Perry J. Woodward
Terra Law, LLP
177 Park Avenue, 3rd Floor
San Jose, CA 95113

Luis Aguilar
P.O. Box 21889
San Jose, CA 95151

Patrick E. Marshall
Law Offices of Patrick E. Marshall
345 5th St. #4
Hollister, CA 95023

Clifford W. Stevens
Law Offices of Neumiller and Beardslee
P.O. Box 20

Stockton, CA 95201-3020

Avon Townhomes Venture
P.O. Box 609
San Jose, CA 95106

Stanley A. Zlotoff
Law Offices of Stanley A. Zlotoff
300 S 1st St. #215
San Jose, CA 95113

Mohamed Poonja
P.O. Box 1510
Los Altos, CA 94023-1510

Kevin W. Coleman
Schnader Harrison Segal and Lewis LLP
One Montgomery St. #2200
San Francisco, CA 94104

Suzanne Decker
1271 Washington Ave. #318
San Leandro, CA 94577

Reidun Stromsheim
Stromsheim & Associates
201 California Street, Suite 350
San Francisco, CA 94111

Nanette Dumas
Office of the U.S. Trustee
280 S 1st St. #268
San Jose, CA 95113